GREATER SOUTHEAST COMMUNITY
HOSPITAL FOUNDATION, INC.,
etc., Appellant,

v.

DISTRICT UNEMPLOYMENT COMPEN-
SATION BOARD, Appellee.

No. 21800.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 6, 1968.

Decided Jan. 16, 1969.

Mr. Louis P. Robbins, for appellant.

Mr. James M. Portray, Jr., Atty., Dis-
trict Unemployment Compensation
Board, with whom Messrs. F. G. Gor-
don, Jr. and George A. Ross, Attys.,
District Unemployment Compensation
Board, were on the brief, for appellee.

Before DANAHER, BURGER and LEVEN-
THAL, Circuit Judges.

BURGER, Circuit Judge:

Appellant Foundation operates the
Morris Cafritz Memorial Hospital in the
District of Columbia. Before the Dis-
trict Court it sought review and rever-
sal of two Compensation Board deci-
sions granting unemployment benefits to
two former Hospital employees. It also
requested a declaration that it is a
charitable corporation entitled to an ex-
emption from the District of Columbia
Unemployment Compensation Act in that
it is "a corporation * * * organized
and operated exclusively for * * *
charitable purposes * * *." 46 D.C.
Code 301(b) (5) (G). The District Court
denied this relief and granted the Board's
motion for summary judgment.

The sole question for our con-
sideration is whether the Appellant is

entitled to the exemption from the Act and whether the Board and District Court therefore erred in denying Appellant's requested relief. Our review satisfies us that Appellant's application for exemption has not been evaluated under criteria ascertainable on this record;[1] accordingly we remand the case to the District Court to the end that it be returned to the Board for a re-evaluation of its determination in light of this opinion.

In denying Appellant's request, the Board found that the Hospital was not organized and operated *exclusively* for charitable purposes because "it is also operated for scientific, educational, health and medical purposes as well." The Board points to the statement of these purposes in Appellant's certificate of incorporation; the exemption was denied notwithstanding the uncontroverted fact that none of the Hospital's net income inures to the benefit of any member, trustee, officer or other private individual or purpose and that all of the stated corporate activities which the Board relied on to deny exemption are incidental to the central purpose of Appellant, *i. e.*, operating a non-profit charitable hospital.

In the present day it would be unusual and perhaps not feasible for a hospital to operate without engaging to some extent in "health, medical and educational activities." Whether or not these ancillary activities which are so intimately bound up with hospital operations are to have the force and effect of destroying the exemption contemplated by the Act must be weighed in relation to the reasons of public policy underlying the grant of exemption. Here, the Board seems to have adopted an ad hoc approach. The Board has ruled that the Hadley Memorial Hospital is exempt "because it is owned and operated by the Seventh-Adventist denomination." It thus has been deemed to have been "operated exclusively for religious * * * purposes" as to which no "part of the net income inures to the benefit of any private shareholder or individual."

In the instant case the Appellant, like Hadley, is a non-profit institution as to which no "part of the net income inures to the benefit of any private shareholder or individual." Yet the Appellant is denied the exemption which has been accorded to Hadley. We have not been shown why this Appellant is not, within the language of the 1962 Act, operated "exclusively" for "charitable purposes" with like result.

It seems apparent that the purpose of Congress by the 1962 Act as amended was to deny exemption to "scientific, literary or educational" entities but to continue the exemption to those which had been organized and operated "exclusively for religious or charitable purposes." [2]

This record affords an insufficient predicate for a determinative ruling. What standards the Board is to apply and what facts are essential to satisfy those standards may properly be established on remand.

Reversed and remanded.

1. *See* Opinion Letter of District of Columbia Unemployment Compensation Board to Hadley Memorial Hospital, April 24, 1962. J.A. 61–63.

2. The Board seems to have taken a similar view in its ruling on the Hadley exemption based upon its finding that Hadley's "educational purpose would appear to be purely ancillary to its primary religious purpose."

Had the Board found to be *substantial in nature* the Hadley activities which it described as "ancillary," a quite possibly different result might have followed. *Cf.* Better Business Bureau v. United States, 326 U.S. 279, 283, 66 S.Ct. 112, 90 L.Ed. 67 (1945).